UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KATHLEEN E. PATRICO and<br>JOSEPH A. PATRICO, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | Case No. 4:19-cv-01665-SNLJ |
| BJC HEALTH SYSTEM d/b/a<br>BJC HEALTHCARE and<br>INTUITIVE SURGICAL, INC., | )<br>)<br>)<br>) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Intuitive Surgical, Inc.'s motion to strike (#7), plaintiffs' motion to remand (#10), and defendant BJC Health System's motion to dismiss for failure to state a claim (#19). For the reasons stated below, plaintiffs' motion to remand will be **GRANTED** and all other motions will be **DENIED AS MOOT**.

I. BACKGROUND

In late 2015, plaintiffs filed a state court action against BJC and Intuitive Surgical for personal injuries Kathleen Patrico suffered during her employment as a nurse at Missouri Baptist Medical Center. *See Kathleen E. Patrico et al. v. BJC Health System et al.,* No. 15SL-CC04228 (St. Louis Cnty. Cir. Ct. 2015). Specifically, plaintiffs allege Kathleen, while assisting during a surgery, fell over a stool when the robotic arm of a "da Vinci Surgical System" manufactured by Intuitive Surgical "moved rapidly and

1

unpredictably toward her causing her to step back to avoid coming in contact [with it]." Her fall resulted in "traumatic brain injury." Plaintiffs asserted various claims against the defendants including negligence and loss of consortium.

On August 21, 2017, BJC moved for summary judgment arguing it owed no duty of care to Kathleen because she was not employed by BJC. Plaintiffs argued the basis for such a duty arose as part of an "affiliation agreement" between Missouri Baptist and BJC. The state court, however, "declined to read the affiliation agreement in such a way that would establish any duty" and, therefore, granted summary judgment in BJC's favor on March 29, 2018. (Doc. #1-4). Plaintiffs did not request the court to make the interlocutory summary judgment order a final, appealable judgment "for which an appeal lies" under Missouri Supreme Court Rule 74.01(b). Instead, on April 18, 2018, plaintiffs voluntarily dismissed their state court action under Rule 67.02(a)(1), including all claims against all parties.

The same basic dispute now comes before this Court after plaintiffs refiled their claims in state court on April 17, 2019. *See Kathleen E. Patrico et al. v. BJC Health System et al.,* No. 19SL-CC01565 (St. Louis Cnty. Cir. Ct. 2019). On June 7, 2019, BJC filed a motion to dismiss arguing that *res judicata* barred claims against it. However, before that motion could be heard, Intuitive Surgical removed the case under diversity jurisdiction. In seeking removal, Intuitive Surgical argues BJC—the only non-diverse defendant—has been fraudulently joined in light of what transpired in the 2015 state court action; in essence, Intuitive Surgical mirrors the arguments made by BJC in its motion to dismiss.

2

## II. ANALYSIS

### A. Standards for Applying the Fraudulent Joinder Doctrine

Fraudulent joinder is defined as "the filing of a frivolous or otherwise illegitimate claim against a non-diverse defendant solely to prevent removal." *Filla v. Norfolk Southern Ry. Co.,* 336 F.3d 806, 809 (8th Cir. 2003). "Joinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." *Id.* at 810 (quoting *Wiles v. Capitol Indemnity Corp.*, 280 F.3d 868, 871 (8th Cir. 2002)). A plaintiff "cannot defeat a defendant's right of removal by joining a defendant who has 'no real connection to the controversy.' " *Herkenhoff v. Supervalu Stores, Inc.*, 2014 WL 3894642 at *2 (E.D. Mo. Aug. 8, 2014) (quoting *Donner v. Alcoa, Inc.*, 709 F.3d 694, 697 (8th Cir. 2013)). "[I]t is well established that if it is clear under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." *Filla*, 336 F.3d at 810 (quoting *Iowa Public Service Co. v. Medicine Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir. 1977) (emphasis in original)). However, if there is a "colorable" cause of action against the defendant, "that is, if the state law might impose liability on the resident defendant under the facts alleged" then there is no fraudulent joinder. *Id.* (emphasis in original). Indeed, "[a]ll doubts about federal jurisdiction should be resolved in favor of remand to state court." *Block v. Toyota Motor Corp.*, 665 F.3d 944, 948 (8th Cir. 2011). In accomplishing its task of considering how the fraudulent joinder doctrine affects its subject-matter jurisdiction, a court is not to engage in the

merits of a dispute. *See Wivell v. Wells Fargo Bank, N.A.*, 773 F.3d 887, 896 (8th Cir. 2014).

### B. Whether *Res Judicata* Applies in this Case Taking into Account Plaintiffs' Prior Voluntary Dismissal under Missouri Supreme Court Rule 67.02(a)

In a diversity action such as this, "[state] law [controls] on the substantive question of res judicata." *St. Paul Fire and Marine Ins. Co. v. Compaq Computer Corp.*, 539 F.3d 809, 822 (8th Cir. 2008). Under Missouri law, res judicata "operates as a bar to the reassertion of a cause of action that has been previously ***adjudicated*** in a proceeding between the same parties or those in privity with them." *Lauber-Clayton, LLC. v. Novus Properties Co.*, 407 S.W.3d 612, 618 (Mo. App. E.D. 2013) (emphasis added). The "doctrine[] of res judicata … speak[s] to the preclusive effect in one action of a ***judgment*** entered in a prior action." *Harter v. Director of Revenue*, 514 S.W.3d 9, 16 (Mo. banc. 2017) (emphasis in original). Thus, an interlocutory order—such as a partial summary judgment—has no res judicata effect because it has adjudicated nothing to the point of finality. *See Comm. for Educ. Equality v. State,* 878 S.W.2d 446, 454 (Mo. banc. 1994); *Gould v. Rafaeli*, 822 S.W.2d 494, 494-495 (Mo. App. E.D. 1991) (noting "the term 'judgment' in 'partial summary judgment' is a misnomer [because] the determination [] is interlocutory [] has no res judicata effect [] is subject to revision at any time [and] is not reviewable by appeal or enforceable by execution"); *Golden Valley Disposal, LLC. v. Jenkins Diesel Power, Inc.,* 183 S.W.3d 635, 640-641 (Mo. App. S.D. 2006) (accord).

In *State ex rel. Fortner v. Rolf*, the Missouri Court of Appeals considered almost the precise issue confronted by this Court today. *See* 183 S.W.3d 249 (Mo. App. W.D.

4

2005). There, one of several defendants had filed a motion for partial summary judgment on certain counts and damage theories against it. The trial court entered a ruling on its docket stating that it was sustaining the defendant's motion. The next day, however, plaintiffs filed for voluntarily dismissal under Rule 67.02(a). *Id.* at 250-251. On appeal, the court acknowledged defendant's argument that it would "be unjust to allow the [plaintiffs] to dismiss their cause of action and refile their case [after] the trial court granted [defendant's] partial summary judgment." *Id.* at 255. However, because the trial court's order was merely interlocutory and because the interlocutory appeal was not certified as an appealable judgment under Rule 74.01(b) prior to the time when plaintiffs dismissed their case, it was held that dismissal was effective and that the case did not result in a "disposition of the case on the merits." *Id*. The case at hand is no different.

*Fortner*'s result may seem harsh—the opinion acknowledges as much—but it is not an outlier. *Id*. Numerous courts following *Fortner* have explained that a Rule 67.02(a) dismissal makes it "as if the suit had never been filed." *Hart v. Impey*, 382 S.W.3d 918, 921 (Mo. App. S.D. 2012); *Williams v. Southern Union Co.,* 364 S.W.3d 228, 235 (Mo. App. W.D. 2011); *Richter v. Union Pacific R. Co.*, 265 S.W.3d 294, 297 (Mo. App. E.D. 2008). And at least four appellate court have agreed with *Fortner* that a Rule 67.02(a) dismissal makes it as if an adverse interlocutory order had never been entered— preventing the preclusive effect of res judicata. *See State ex rel. Frets v. Moore*, 291 S.W.3d 805, 812 (Mo. App. S.D. 2009) (adverse partial summary judgment entered for defendants was interlocutory and, therefore, effect of voluntary dismissal was to treat the case "as if [it] were never brought"); *Hart*, 382 S.W.3d at 921 (adverse interlocutory

order deciding plaintiffs' entitlement to attorneys' fees and litigation expenses "must be treated as thought it had never been entered"); *Lewis v. Dept. of Soc. Servs.*, 61 S.W.3d 248, 256-257 n.4 (Mo. App. W.D. 2001) (findings made by probate judge were not entitled to collateral estoppel effect where plaintiff voluntarily dismissed his case prior to final adjudication); *Stewart v. Mills*, 22 S.W.3d 797 (Mo. App. S.D. 2000) (res judicata did not apply where plaintiff voluntarily dismissed case under Rule 67.02 following judgment against plaintiff in small claims court, but before trial de novo was conducted by the circuit court).

To counteract *Fortner*, Intuitive Surgical points this Court to the more recent decision of *State ex rel. St. Charles Cnty. v. Cunningham*, 401 S.W.3d 493 (Mo. banc. 2013), in which the Missouri Supreme Court clarified that "an ***appealable judgment*** following a summary judgment motion is the equivalent to a bench trial on the merits," and would, therefore, render dismissal under Rule 67.02(a) inappropriate. *Id*. at 496 (emphasis added). But, in so holding, the court acknowledged "[t]he disputed issues between [plaintiff] and [defendant] were ***litigated fully*** through summary judgment" and resulted in an appeal that was resolved by the Missouri Supreme Court. *Id*. (emphasis added). *Cunningham* addressed final, appealable summary judgments rather than interlocutory ones and is, thus, inapposite to this case.

Under *Fortner*, this Court predicts "state law might [still] impose liability" on BJC notwithstanding the prior grant of partial summary judgment in its favor. *Filla*, 336 F.3d at 810. That prediction is enough for this case to be remanded back to state court for further determination of the issues. *See Block*, 665 F.3d at 948 ("[f]raudulent joinder does

not exist where there is arguably a reasonable basis for predicting that the state law might impose liability"). Accordingly, this Court concludes BJC was not fraudulently joined to this action.

### III. CONCLUSION

Because BJC was not fraudulently joined to this action, there is a lack of total diversity between the parties. *See* 28 U.S.C. 1332(a). This Court, therefore, lacks subject-matter jurisdiction over this case and will remand it back to the Circuit Court for St. Louis County, Missouri, for further proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to remand (#10) is **GRANTED**. This matter is hereby **REMANDED** to the Circuit Court for St. Louis County, Missouri. An Order of Remand will follow.

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED AS MOOT**.

So ordered this 21st day of August, 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE